IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK PILLANS,<br>#041127, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| | § | No. 3:25-cv-373-K-BN |
| V. | §<br>§ | |
| NAVARRO COUNTY DISTRICT<br>COURT, | §<br>§<br>§ | |
| Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Pillans submitted a *pro se* filing in this district that was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred Pillans's petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned entered a Notice of Deficiency and Order on February 19, 2025 (the "NOD") requiring Pillans to cure identified deficiencies. *See* Dkt. No. 4. Specifically, Pillans did not pay the filing fee or submit a request to proceed *in forma pauperis. See id.* at 1-2. And he did not file his pleadings on the correct form for a pretrial detainee seeking habeas relief. *See id.* at 1-2. Pillans was ordered to cure the deficiencies by March 21, 2025, and was warned that "[f]ailure to comply with this order will result in a recommendation that the petition be dismissed for failure to

prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* at 3.

It is now past the deadline to comply with the NOD, and Pillans has not filed anything in this case. And a filing by the Navarro County Sheriff's Office in another pending case brought by Pillans stated that Pillans "bonded out" of their facility on February 28, 2025. *See Pillans v. Navarro Cnty. Sheriff Office*, No. 3:25-cv-223-X-BN, Dkt. No. 10 (N.D. Tex.). But the Court has not received any change of address for Pillans.

Considering this procedural record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Legal Standards

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

## Analysis

By not complying with the NOD and not updating his address – in addition to leaving the impression that he no longer wishes to pursue the claims asserted in this lawsuit – Pillans has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances.

- 4 -

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Pillans decides to obey the Court's order or contact the Court, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

And, while it is not apparent based on the record here that dismissal of this lawsuit without prejudice at this time would effectively be a dismissal with prejudice, insofar as the recommended dismissal may somehow prejudice Pillans, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE